EMMA L. VAN ETTEN v. WILLIAM COBURN.

FILED MARCH 3, 1896.   No. 6014.

Action Against Sheriff for Fees Wrongfully Received and Retained: JUDGMENT FOR DEFENDANT. Evidence in the case examined, and *held* not to sustain the finding and verdict of the jury in the trial court.

ERROR from the district court of Douglas county.   Tried below before FERGUSON, J.

*David Van Etten,* for plaintiff in error.

*Thomas D. Crane, contra.*

HARRISON, J.

In this action, commenced in the district court of Douglas county, the plaintiff, also plaintiff in error, asked the recovery from the defendant of the sum of $11.70, fees received by him as sheriff, he then being such officer in Douglas county. It was claimed by the plaintiff that the amount sued for was illegally received by the officer as fees, and that he was thereby liable for their repayment and also a statutory penalty of $50. A portion of the petition is as follows, after an allegation that the defendant was sheriff of Douglas

county from about January 1, 1886, to about January 1, 1890: "The plaintiff complains of said defendant for that, on or about the 19th day of June, 1888, he, acting as said sheriff, illegally and wrongfully, without plaintiff's knowledge or consent, took, retained, appropriated, and converted to his own use and benefit $11.70 of plaintiff's money, under the pretense and claim that he had, on or about the 14th and 15th days of March, 1886, served for said plaintiff and at her instance and request subpœnas upon A. Gsantner, N. Spellman, Wm. Klatt, Jacob Neu, Sullivan Bros. (Dan and John H.), John Libbie, N. J. Sander, James Morton, Charles Kosters, S. D. Crawford, and A. L. Wiggins, upon which he so took, appropriated, retained, and converted to his own use and benefit $7.20 in fees and mileage, claiming and pretending he had served said subpoenas at the instance and behalf of said plaintiff as defendant in the action entitled George A. Hoagland v. Emma L. Van Etten et al., docketed in the district court of Douglas county, Nebraska, in Appearance Docket X, number 375, and that he had done and performed said services as said official for plaintiff and at her instance and request, when in truth and in fact she had not caused said subpœnas to issue and he had not done and performed any of said services for her or in her behalf, or at her instance or request, and she has not at any time become liable therefor, and said defendant has not at any time become entitled to recover from plaintiff any of said fees which said defendant, as aforesaid, illegally and wrongfully took and retained from her and as said official so appropriated and converted to his own use and benefit; and that said defendant, on the same

day, illegally and wrongfully took, retained, appropriated, and converted to his own use and benefit in the same action and for other pretended services therein for plaintiff, and as such official, other $4.50 of plaintiff's money, without her knowledge or consent, when in truth and in fact said defendant, as said official or otherwise, had not done or performed any services in said action or otherwise, or upon which he was or might be entitled to recover from plaintiff, for which he had not been paid in full at or before the doing and performing of any such services, and whereby said defendant, illegally and wrongfully, took, retained, appropriated, and converted to his own use and benefit said $11.70 greater fees than the fees limited and expressed by law to said official for any and all services done and performed by him for plaintiff in said action or otherwise, and so illegally and wrongfully took, retained, appropriated, and converted to his own use and benefit said $11.70 of plaintiff's money as fees for such official, where the business chargeable for such fees was not actually done and performed for said plaintiff or in her behalf, or wherein she was liable or might become liable, and which said $11.70 said plaintiff has demanded of said defendant, and he has neglected and refused to pay the same, or any portion thereof. Whereby said defendant has become indebted to said plaintiff in said sum of $11.70, and interest from June 19, 1888, and she has become entitled, under and by virtue of said facts, to recover from defendant, in addition to said $11.70 and interest, the sum of $50 debt, and an action has accrued against said defendant in favor of said plaintiff for the sum of $61.70 and interest on $11.70 thereof from June

19, 1888." The answer of the defendant admitted that he was the sheriff of Douglas county at the time stated in the petition and denied each and every other allegation thereof. There was a trial and a verdict and judgment in favor of defendant, and the plaintiff brings the case to this court for review by proceedings in error.

The evidence in this case discloses that there was an action commenced in the district court of Douglas county, by George A. Hoagland, against Emma L. Van Etten et al., in which the sheriff served several subpoenas, one or two ordered by the defendant Emma L. Van Etten and the others by the plaintiff Hoagland. On June 19, 1888, Hoagland's attorney paid into court $89.15. Why, or on what account, does not appear, further than is shown in an entry in the appearance docket of the district court, wherein it was stated, "Received of plaintiff, by Mr. Switzler, his attorney, $89.15, account of costs paid by defendant Van Etten." The $11.70, for which this suit was instituted, was, so far as is shown by the testimony introduced during the trial in the district court, composed of fees charged and received by the sheriff for serving subpoenas in the case of Hoagland v. Emma L. Van Etten et al. Two of these subpoenas were issued, the evidence shows, for witnesses on the part of the defendant in the action, and the amount of fees charged for their service was $4.50, $3.90 for one and 60 cents for the other. This sum the plaintiff in the present suit claimed was paid to the sheriff in advance of the service, but the testimony on this point in the case was directly conflicting, and the jury having determined it in favor of the defendant, the sheriff, and the evidence being amply sufficient to sus-

tain such finding, in accordance with a well estab-
lished rule of this court it will not be disturbed.
The only issue raised in the trial as to this $4.50
of the amount claimed was that it had been paid
in advance, and hence the sheriff was not entitled
to receive it from the moneys paid into court, and
nothing further is advanced in the discussion in
the brief as a reason why he should not have been
paid it by the clerk, and we conclude that if deter-
mined that it had not been so paid, it was or will
be conceded that he was entitled to receive it of
the money paid into court of the money in Hoag-
land v. Van Etten as costs.   Of the $11.70 claimed
by plaintiff in the case at bar, $7.20 was the
amount of fees charged by the sheriff, defendant
in the action, for service of subpœnas in the case
of Hoagland v. Van Etten et al., issued for wit-
nesses in behalf of the plaintiff in such action, and
were not chargeable primarily against defendant
Emma L. Van Etten, and, though it was not
shown, or attempted to be, that any portion of the
amount was illegal or excessive as fees, or that
the services for which it was charged had not been
performed, yet, if the money paid into court was
paid for Mrs. Van Etten and belonged to her,—
and from the evidence adduced we must conclude
that this was true,—it could not be applied in pay-
ment on account of fees for services performed in
the case by the officer at the instance and request
of the opposing party, at least not until it had
been finally determined that she was liable for the
payment of such costs, and no such final determi-
nation was shown in this case, and if so applied,
it may be recovered of the party receiving it.
This is within the doctrine announced in the case
of *Cady v. South Omaha Nat. Bank,* 46 Neb., 756.

The facts or circumstances do not sustain a finding or verdict in favor of defendant as to $7.20 of the amount involved in the action, hence such finding must be set aside.   There are other errors assigned and argued, but as there must be a new trial, we need not now discuss them.

REVERSED AND REMANDED.